Charles R. Stein and Freda Stein v. Commissioner. Charles R. Stein v. Commissioner.
Stein v. Commissioner
Docket Nos. 60216, 60217.
United States Tax Court
T.C. Memo 1957-88; 1957 Tax Ct. Memo LEXIS 164; 16 T.C.M. (CCH) 373; T.C.M. (RIA) 57088; May 28, 1957
Charles M. Greenspan, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined the following deficiencies and additions to tax: Charles R. Stein
Docket No. 60217
Additions to Tax
Sec.
Sec. 294
Sec. 294
Year
Deficiency
293(b)
(d)(1)(A)
(d)(2)
1947
$51,173.93
$25,586.69
$5,119.67
$3,071.80
1948
30,801.75
15,400.88
3,076.23
1,845.74
1949
16,233.50
8,116.75
1,619.70
971.82
Charles R. and Freda Stein
Docket No. 60216
1950
$11,005.22
$ 5,502.61
$1,137.06
$ 682.24
There was no appearance at the hearing of these cases by or on behalf of the petitioners. Since the taxpayers presented no evidence, the *165 determinations of the Commissioner must be approved in all respects (except with reference to the additions to tax for fraud) for lack of prosecution and failure to carry the burden of proof. With respect to the fraud issue, the Commissioner presented evidence to meet his burden of proof. [Findings of Fact] The evidence shows that petitioners are husband and wife. For the years 1947, 1948, and 1949 Charles filed individual tax returns with the collector of internal revenue for the third New York district. For 1950 Charles and Freda filed a joint return with the collector for the second New York district. In his return for 1947 Charles described his occupation as "solicitor," and reported a total income of $3,285, wholly received from Abrams Delivery. In his return for 1948 he described his occupation as "solicitor," and reported a total income of $3,825, wholly received from Abrams Delivery. In his return for 1949 he did not list his occupation, and reported a total income of $3,525, wholly received from Abrams Delivery. In their joint return for 1950 Charles and his wife listed "Comm. Broker" opposite occupation, gave no employer and reported a total income of $5,000 *166 from "Commissions as broker." Charles was a bookmaker. He also loaned money at high rates of interest. He was engaged in no other business during his adult life. He maintained bank accounts in the names of Abraham Abrams, Anna Abrams, and Pearl Roth (his sister-in-law) in connection with his bookmaking and money lending during the taxable years. In 1947, $15,714.01 worth of stock was purchased in the names of Abraham Abrams and Anna Abrams with Charles's funds and for his benefit. It was not disposed of until 1950. Charles did not report the dividend income received. A detailed audit and examination was made of all of Charles's activities. On the basis thereof it was determined that he had additional taxable income as follows: 1947
1948
1949
Balance of checking accounts i/n/o Abraham
Abrams as of January 1
$ 5,717.86
$ 3,111.56
$ 1,653.23
Balance of checking accounts i/n/o Anna Abrams
as of January 1
711.77
Balance of checking accounts i/n/o Pearl Roth as
of January 1
Balance of checking accounts as at January 1
$ 5,717.86
$ 3,111.56
$ 2,365.00
Add: Deposits
549,226.55
426,656.73
412,449.15
Total available
$554,944.41
$429,768.29
$414,814.15
Deduct: Balance of checking accounts as at De-
cember 31
3,111.56
1,653.23
8,523.93
Net disbursements
$551,832.85
$428,115.06
$406,290.22
Deduct: Pay-offs and other allowable disburse-
ments
485,772.85
375,032.73
370,966.36
Net taxable deposits
$ 66,060.00
$ 53,082.33
$ 35,323.86
Add: Cash expenditures
20,625.95
10,373.19
5,346.20
Total taxable income
$ 86,685.95
$ 63,455.52
$ 40,670.06
Income reported per returns
3,285.00
3,825.00
3,525.00
Additional taxable income
$ 83,400.95
$ 59,630.52
$ 37,145.06
*167 It was also determined that Charles and Freda had additional taxable income for the year 1950, arrived at as follows: Deposits i/n/o Pearl Roth
$33,478.51
Cash purchases of checks and
money orders for pay-offs
13,650.00
$47,128.51
Less: pay-offs
13,650.00
Net taxable deposits
$33,478.51
Add: cash expenditures
6,567.47
Total taxable income
$40,045.98
Income reported per return
5,000.00
Additional income
$35,045.98
On May 21, 1954, Charles was convicted upon his plea of guilty of the offense of wilfully and knowingly attempting to defeat and evade a large part of income tax due for each of the taxable years 1947, 1948, and 1949, under section 145(b), Internal Revenue Code of 1939. He was sentenced to serve one year and one day in prison. [Opinion] On the record before us we are fully satisfied that Charles grossly understated his income for the years 1947, 1948, and 1949, that Charles and Freda had additional unreported income in 1950, and that part of the deficiency in each of those years was due to fraud with intent to evade tax. We so find as a fact. The taxpayers having failed to prove any error in the determination of any of the *168 deficiencies or additions to tax under section 294 of the Internal Revenue Code of 1939 and the Commissioner having borne his burden with respect to the so-called fraud penalty, all issues are decided for the Commissioner. Decisions will be entered for the respondent.